PETER J. ELIASBERG, SBN 189110
MARK D. ROSENBAUM, SBN 59940
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

BRENDA WRIGHT, Admitted Pro Hac Vice
LISA DANETZ, Admitted Pro Hac Vice
DEMOS: A NETWORK FOR IDEAS AND
ACTION, formerly
NATIONAL VOTING RIGHTS INSTITUTE
358 Chestnut Hill Avenue
Suite 303
Brighton, MA 02135
Telephone: (617) 232-5885
Facsimile: (617) 232-7251

DAVID BLAIR-LOY, SBN 229235
ACLU of San Diego and Imperial Counties
P.O. Box 87131
San Diego, California 92138-7131
Telephone: (619) 232-2121
Facsimile: (619) 232-0036

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN PORTER; WILLIAM J. CODY; PATRICK KERR; STEVEN LEWIS, <br><br> Plaintiffs, <br><br> v. <br><br> DEBRA BOWEN, in her official capacity as California Secretary of State; BILL JONES, in his individual capacity, <br><br> Defendants. | Case No. 00-11700 RJK (Mcx) <br><br> [STIPULATED] JUDGMENT [FRCP 54] |

## STIPULATION TO JUDGMENT

The parties hereby **STIPULATE** to the entry of the following judgment.

June 23, 2008

/s/ Zackery P. Morazzini
Zackery P. Morazzini
Attorney for Defendants

June 23, 2008

/s/ Peter J. Eliasberg
Peter J. Eliasberg
Attorney for Plaintiffs

**JUDGMENT**

This Court, the Honorable Robert J. Kelleher, District Judge Presiding, granted Defendants' Motion for Summary Judgment on Plaintiffs' claim for prospective relief as set forth in their Second Amended Complaint on November 3, 2004 and Defendant Jones's Motion for Summary Judgment on Plaintiffs' claim for damages as set forth in their Second Amended Complaint on March 7, 2006. This Court entered judgment in favor of Defendants on March 7, 2006.

Plaintiffs appealed. On August 6, 2007 the United States Court of Appeals for the Ninth Circuit issued its decision affirming in part and reversing in part the District Court's judgment. The Court of Appeals held that defendant Jones violated the First Amendment when he sent correspondence to the owner of voteswap2000.com threatening prosecution under California Elections Code sections 18521 and 18522, and California Penal Code section 182 if the owners did not cease and desist operation of the website The Court held that the vote-swapping mechanisms and the communication and vote swaps that the mechanisms enabled on voteswap2000.com and voteexchange2000.com were constitutionally protected. The Court held that the heavy burden Jones imposed on this protected activity did not further the State's interests in preventing corruption and preventing the subversion of the Electoral College, and the Secretary of State failed to establish that the State's anti-fraud interest could not have been advanced as effectively through less severe measures. The Court also held that defendant Jones was entitled to qualified immunity because the constitutionality of halting vote swapping was not clearly established in 2000. *Porter v. Bowen*, 496 F.3d 1009, 1027 (9th Cir. 2007).

Defendants filed a Petition for Rehearing En Banc. On March 13, 2008, the Court of Appeals denied Defendants' Petition for Rehearing En Banc. On March 21, 2008, the Court of Appeals issued its mandate. Accordingly,

1  THE COURT HEREBY ADJUDGES AND DECLARES that the
2  activities of Plaintiffs at issue in this matter are protected by the First Amendment
3  to the Constitution, and by sending correspondence to defendant Cody threatening
4  prosecution under California Elections Code sections 18521 and 18522, and
5  California Penal Code section 182, unless he ceased and desisted operating
6  voteswap2000.com, as described in the Second Amended Complaint, Defendant
7  Jones violated the First Amendment;
8  THE COURT FURTHER ORDERS AND ADJUDGES that Defendants,
9  their employees, agents, and those in active concert with Defendants, are hereby
10 permanently restrained and enjoined from threatening to prosecute or prosecuting
11 Plaintiffs for setting up or operating web sites identical in all material respects to
12 www.voteswap2000.com and www.voteexchange2000.com, where the stated
13 purposes of those web sites are only to provide information about a presidential
14 election, provide information about the electoral college, and to facilitate or
15 arrange for communication among persons who have expressed an interest in
16 entering into "Strategic Voting Agreements," and where the web sites
17 conspicuously advise users that such agreements are not legally binding nor
18 subject to verification.  Strategic Voting Agreements are agreements where one
19 party to the agreement pledges, promises or otherwise agrees to vote a for a certain
20 candidate for President of the United States in exchange solely for the other party
21 to the agreement's pledging, promising, or otherwise agreeing to vote for a
22 different candidate for President of the United States.  Strategic Voting
23 Agreements do not include any agreement where either party pledges, promises or
24 otherwise agrees to vote for a candidate for President in exchange for any private
25 tangible or intangible benefit or anything other than a pledge, promise or
26 agreement by the other party to vote for a certain candidate for President of the
27 United States.
28 THE COURT FURTHER ORDERS AND ADJUDGES that Defendants,

their employees, agents, and those in active concert with Defendants, are hereby permanently restrained and enjoined from threatening to prosecute or prosecuting Plaintiffs for accessing or otherwise utilizing web sites identical in all material respects to www.voteswap2000.com and www.voteexchange2000.com., where the stated purposes of those web sites are only to provide information about a presidential election, provide information about the electoral college, and to facilitate or arrange for communication among persons who have expressed an interest in entering into "Strategic Voting Agreements," and where the web sites conspicuously advise users that such agreements are not legally binding nor subject to verification, so long as the only agreement that any Plaintiff who accesses or otherwise utilizes these web sites enters into is a Strategic Voting Agreement.

THE COURT FURTHER ORDERS AND ADJUDGES that judgment be entered in favor of Defendant Jones in his individual capacity on Plaintiffs' claim for damages;

THE COURT FURTHER ORDERS AND ADJUDGES that Plaintiffs' claim for attorneys fees and costs be dismissed, due to the parties' negotiated resolution of all claims for attorneys fees and costs.

DATED June 27, 2008

HONORABLE ROBERT J. KELLEHER
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 1616 Beverly Boulevard, Los Angeles, California 90026.

On June 24, 2008, I served the foregoing document(s) described as **[STIPULATED] JUDGMENT** on interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, postage prepaid, addressed to:

Zackery Morazzini
Kathryn L. Gimple
Domini Pham
Deputy Attorney General
1300 "I" Street
P.O. Box 944255
Sacramento, CA 94244-2550

[XX] I am readily familiar with the business' practice of collection and processing correspondence for mailing with Federal Express delivery service. I know that in the ordinary course of business, upon request, Federal Express picks up any package from our office and guarantees its delivery date. I know that the envelope was sealed and was picked up by the Federal Express delivery person on the same date that this declaration of service was made, for overnight delivery on July 1, 2004.

[XX] I am employed in the office of a member of the bar of the State of California at whose direction service was made.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed on June 24, 2008, at Los Angeles, California.

Maricela López-Krulak